IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFERY KODLOWSKI,

        Plaintiffs,

v.        Case No. 2:12-cv-10255

KYLE DAWLEY, City of Westland Police Officer in his individual capacity; MICHAEL LITTLE, City of Westland Police Officer in his individual capacity; and CITY OF WESTLAND, a municipal corporation,

        Defendants.

---

THE CORRIVEAU LAW FIRM PC
By: Joseph P. Corriveau (P64479)
Attorney for Plaintiff
324 E. Main Street
Northville, Michigan 48167
(248) 380-6800

---

## PLAINTIFFS' COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, Jeffrey Kodlowski, by and through counsel, Joseph P. Corriveau, and for Plaintiff's Complaint and Jury Demand ("Complaint") states as follows:

### JURISDICTION AND VENUE

1. This is a 42 U.S.C. §1983 action seeking monetary damages for violation of Plaintiff's constitutional rights.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

### PARTIES

3. Plaintiff Jeffrey Kodlowski was at all times relevant to this Complaint a resident of the City of Westland, County of Wayne, State of Michigan.

4. Defendant Kyle Dawley ("Dawley") was at all times relevant to this Complaint a police officer employed by the City of Westland who acted under color of state law. He is sued in his individual capacity.

5. Defendant Michael Little ("Little") was at all times relevant to this Complaint a police officer employed by the City of Westland who acted under color of state law. He is sued in his individual capacity.

6. Defendant City of Westland was at all times relevant to this Complaint a body politic established as a body corporate pursuant to the Michigan Home Rule City Act.

## COMMON ALLEGATIONS

7. On March 18, 2009, Defendant Dawley and Defendant Little responded to a Westland Police Department dispatch concerning a domestic disturbance at Plaintiff's residence.

8. Upon arriving at Plaintiff's residence, Defendant Dawley and Defendant Little were met by Plaintiff's wife in front of Plaintiff's residence.

9. Plaintiff's wife informed Defendant Dawley and Defendant Little that no domestic violence had occurred but complained that Plaintiff possessed a cellular telephone that Plaintiff's wife wanted prior to leaving the residence.

10. Defendant Dawley and Defendant Little entered Plaintiff's residence for the purpose of retrieving the cellular telephone.

11. When Plaintiff refused to relinquish the cellular telephone, Defendant Dawley and/or Defendant Little became verbally abusive and began to physically intimidate Plaintiff.

12. Both Plaintiff and his wife interpreted Defendant Little and Defendant Dawley's aggressive behavior as threats, and it caused Plaintiff to become scared and intimidated.

13. Plaintiff repeatedly asked Defendant Dawley and Defendant Little to leave his residence, but both Defendant Dawley and Defendant Little refused to leave unless and until Plaintiff relinquished the cellular telephone.

14. Fearful that the matter might escalate to the level of physical aggression, Plaintiff informed Defendant Little and Defendant Dawley that Plaintiff had previously underwent brain surgery due to a brain aneurysm.

15. Plaintiff's wife became concerned with Defendant Little and Defendant Dawley's aggressiveness, so she informed the officers that she was leaving the residence.

16. As Plaintiff's wife, Defendant Little, and Defendant Dawley were leaving the residence, Plaintiff lightly tapped Defendant Little on the shoulder in an effort to get his attention.

17. Defendant Little commanded Plaintiff not to touch him.

18. Plaintiff immediately backed up, raised his hands into the air in an act of submission, and apologized to Defendant Little touching him.

19. Defendant Little then asked Defendant Dawley what he wanted to do.

20. Defendant Dawley responded: "F**k him.  Take him."

21. Defendant Little and Defendant Dawley then informed Plaintiff that he was being placed under arrest.

22. In response, Plaintiff turned his back to Defendant Little and Defendant Dawley and placed his hands behind his back in order to allow Defendant Little and Defendant Dawley to handcuff him.

23. Plaintiff turned around as Defendant Little and Defendant Dawley were handcuffing him to ask why Plaintiff was being arrested at which point Defendant Little or

Defendant Dawley punched Plaintiff in the side of his face, causing Plaintiff to grow faint and fall onto the couch.

24. Defendant Little and/or Defendant Dawley then jumped on top of Plaintiff and began yelling, "Stop resisting. Stop resisting."

25. Plaintiff never made any attempt to resist Defendant Little and/or Defendant Dawley, yet resist Defendant Little and/or Defendant Dawley continued to yell this command in an effort to create a false appearance that the officers were subduing Plaintiff because Plaintiff was resisting arrest.

26. Defendant Little and/or Defendant Dawley then struck Plaintiff immediately behind the crown of Plaintiff's head with a military-type baton. The blow to Plaintiff's skull was so severe that it lacerated the skin covering Plaintiff's skull, which split open several inches in length requiring immediate medical attention and several sutures to repair.

27. Defendants subsequently instituted and continued a criminal prosecution known as *People of the State of Michigan v Jeffrey Kodlowski*, 18th District Court Case No. 09-175177.

28. During said criminal prosecution, Defendants instituted and continued charges against Plaintiff that included one count of Battery on Defendant Little and one count of Battery on Defendant Dawley contrary to the Westland City Code, § 62-67.

29. Defendants instituted and continued proceedings with malice and for a purpose other than that of securing the proper adjudication of the claim on which the proceedings were based, namely to justify Defendant Little and Defendant Dawley's unlawful and unwarranted physical attack upon Plaintiff.

30. On October 5, 2009, a jury acquitted Plaintiff of said counts on the merits.

31. As a direct and proximate cause of each Defendant's conduct, Plaintiff suffered damages including but not limited to:

    A. A laceration to his skull several inches in length;

    B. Miscellaneous contusions and abrasions;

    C. Physical pain and suffering;

    D. Mental pain and suffering;

    E. Emotional distress;

    F. Mental anguish;

    G. Fright and shock;

    H. Denial of social pleasure and enjoyments;

    I. Embarrassment, humiliation or mortification;

    J. Disability and/or disfigurement;

    K. Attorneys fees;

    L. Other miscellaneous injuries, damages, and consequences, including but not limited to those set forth above as well as others that may be found to be related to Defendants' conduct that develop or manifest themselves during the course of discovery and/or at trial.

## CAUSES OF ACTION

### COUNT I:
### EXCESSIVE FORCE IN VIOLATION OF FOURTH AMENDMENT

32. Plaintiff hereby incorporates by reference all prior paragraphs as if fully restated herein.

33. Defendant Little and Defendant Dawley at all times acted under color of state law.

34. Defendant Little and/or Defendant Dawley used force against Plaintiff.

35. The degree of force used by Defendant Little and/or Defendant Dawley was objectively unreasonable in light of the facts and circumstances confronting them.

36. The degree of force used by Defendant Little and/or Defendant Dawley constituted gratuitous violence upon an incapacitated detainee.

37. Defendant Little and Defendant Dawley's conduct subjected, or caused to be subjected, Plaintiff to the deprivation of rights, privileges, or immunities secured by the Fourth Amendment to the United States Constitution, including but not limited to Plaintiff's right to be free from unreasonable seizure of his person in the form of excessive force.

38. As a direct and proximate cause of Defendant Little and Defendant Dawley's conduct, Plaintiff suffered damage, including but not limited to those set forth above.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendant Little and/or Defendant Dawley in whatever amount is fair, just, and equitable for the injuries and damages, including compensatory and punitive damages, so wrongfully sustained by Plaintiff together with interest, costs and attorney fees pursuant to 42 U.S.C. § 1988, and any other relief to which Plaintiff may be entitled.

## COUNT II:
## FAILURE TO PROTECT IN VIOLATION OF FOURTH AMENDMENT

39. Plaintiff hereby incorporates by reference all prior paragraphs as if fully restated herein.

40. Defendant Little and Defendant Dawley at all times acted under color of state law.

41. Defendant Little and/or Defendant Dawley used force against Plaintiff.

42. The degree of force used by Defendant Little and/or Defendant Dawley was objectively unreasonable in light of the facts and circumstances confronting them.

43. The degree of force used by Defendant Little and/or Defendant Dawley constituted gratuitous violence upon an incapacitated detainee.

44. Defendant Little and/or Defendant Dawley failed to act to prevent the use of excessive force upon Plaintiff.

45. Defendant Little and/or Defendant Dawley observed or had reason to know that excessive force would be or was being used upon Plaintiff.

46. Defendant Little and/or Defendant Dawley observed or had both the opportunity and the means to prevent the harm from occurring to Plaintiff.

47. Defendant Little and/or Defendant Dawley failed to stop the violation of Plaintiff's Fourth Amendment rights.

48. Defendant Little and Defendant Dawley's conduct subjected, or caused to be subjected, Plaintiff to the deprivation of rights, privileges, or immunities secured by the Fourth Amendment to the United States Constitution, including but not limited to Plaintiff's right to be free from unreasonable seizure of his person in the form of excessive force.

49. As a direct and proximate cause of Defendant Little and Defendant Dawley's conduct, Plaintiff suffered damage, including but not limited to those set forth above.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendant Little and/or Defendant Dawley in whatever amount is fair, just, and equitable for the injuries and damages, including compensatory and punitive damages, so wrongfully sustained by Plaintiff together with interest, costs and attorney fees pursuant to 42 U.S.C. § 1988, and any other relief to which Plaintiff may be entitled.

## COUNT III:
## 42 U.S.C. § 1985(3) - CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

50. Plaintiff hereby incorporates by reference all prior paragraphs as if fully restated herein.

51. Defendant Little and Defendant Dawley entered into a conspiracy involving two or more persons.

52. The purpose of said conspiracy was for the purpose of depriving, directly or indirectly, Plaintiff of the equal protection of the laws.

53. Plaintiff constitutes a class of one that Defendant Little and Defendant Dawley intentionally treated differently from others similarly situated.

54. There is no rational basis for the difference in treatment that Plaintiff received at the hands of Defendant Little and Defendant Dawley.

55. Defendant Little and Defendant Dawley committed acts in furtherance of the conspiracy.

56. Said acts caused injury to Plaintiff and a deprivation of a right or privilege of a citizen of the United States.

57. As a direct and proximate cause of Defendant Little and Defendant Dawley's conduct, Plaintiff suffered damage, including but not limited to those set forth above.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendant Little and/or Defendant Dawley in whatever amount is fair, just, and equitable for the injuries and damages, including compensatory and punitive damages, so wrongfully sustained by Plaintiff together with interest, costs and attorney fees pursuant to 42 U.S.C. § 1988, and any other relief to which Plaintiff may be entitled.

## COUNT IV: MUNICIPAL LIABILITY

58. Plaintiff hereby incorporates by reference all prior paragraphs as if fully restated herein.

59. Both Plaintiff and his attorney complained to the City of Westland and/or the City of Westland's attorney of his abuse by Defendant Little and/or Defendant Dawley, but the City of Westland did nothing except ratify and condone Defendant Little and/or Defendant Dawley's actions.

60. Defendant City of Westland, acting through the its police department, has a custom, policy, and/or practice of failing to train, supervise, or discipline its police officers for the excessive use of non-fatal force in warrantless arrests and for charging resisting and obstructing in order to justify their actions.

61. Plaintiff's injuries were directly and proximately caused by Defendant City of Westland's custom, policy, and/or practice.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendant City of Westland in whatever amount is fair, just, and equitable for the injuries and damages, including compensatory and punitive damages, so wrongfully sustained by Plaintiff together with interest, costs and attorney fees pursuant to 42 U.S.C. § 1988, and any other relief to which Plaintiff may be entitled.

## ANCILLARY STATE CLAIMS

### COUNT V: ASSAULT

62. Plaintiff hereby incorporates by reference all prior paragraphs as if fully restated herein.

63. Defendant Little and Defendant Dawley engaged in an intentional unlawful offer of corporal injury to Plaintiff by force and/or force unlawfully directed toward Plaintiff.

64. Defendant Little and Defendant Dawley engaged in said force under circumstances which created a well-founded apprehension of imminent contact.

65. Defendant Little and Defendant Dawley engaged in said force with the apparent present ability to accomplish the contact.

66. As a direct and proximate cause of Defendant Little and Defendant Dawley's conduct, Plaintiff suffered damage, including but not limited to those set forth above.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendant City of Westland in whatever amount is fair, just, and equitable for the injuries and damages, including compensatory and punitive damages, so wrongfully sustained by Plaintiff together with interest, costs and attorney fees pursuant to 42 U.S.C. §1988, and any other relief to which Plaintiff may be entitled.

### COUNT VI: BATTERY

67. Plaintiff hereby incorporates by reference all prior paragraphs as if fully restated herein.

68. Defendant Little and Defendant Dawley engaged in the willful and harmful or offensive touching of Plaintiff.

69. Said willful and harmful or offensive touching resulted from an act intended to cause such contact.

70. As a direct and proximate cause of Defendant Little and Defendant Dawley's conduct, Plaintiff suffered damage, including but not limited to those set forth above.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendant City of Westland in whatever amount is fair, just, and equitable for the injuries and damages, including compensatory and punitive damages, so wrongfully sustained by Plaintiff together with interest, costs and attorney fees pursuant to 42 U.S.C. §1988, and any other relief to which Plaintiff may be entitled.

## COUNT VII: FALSE IMPRISONMENT

71. Plaintiff hereby incorporates by reference all prior paragraphs as if fully restated herein.

72. When Defendant Little and Defendant Dawley wrongfully harmed Plaintiff, they committed acts with the intention of confining Plaintiff.

73. Defendant Little and Defendant Dawley's acts directly or indirectly resulted in such confinement.

74. Plaintiff was conscious of his confinement.

75. As a direct and proximate cause of Defendant Little and Defendant Dawley's conduct, Plaintiff suffered damage, including but not limited to those set forth above.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendant City of Westland in whatever amount is fair, just, and equitable for the injuries and damages, including compensatory and punitive damages, so wrongfully sustained by

Plaintiff together with interest, costs and attorney fees pursuant to 42 U.S.C. §1988, and any other relief to which Plaintiff may be entitled.

### COUNT VIII: TRESPASS

76. Plaintiff hereby incorporates by reference all prior paragraphs as if fully restated herein.

77. Plaintiff was in possession of and/or held title to his residence.

78. Defendant Little and Defendant Dawley physically invaded Paintiff's real property.

79. Defendant Little and Defendant Dawley intended to do the act that causes the trespass.

80. As a direct and proximate cause of Defendant Little and Defendant Dawley's conduct, Plaintiff suffered damage, including but not limited to those set forth above.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendant City of Westland in whatever amount is fair, just, and equitable for the injuries and damages, including compensatory and punitive damages, so wrongfully sustained by Plaintiff together with interest, costs and attorney fees pursuant to 42 U.S.C. §1988, and any other relief to which Plaintiff may be entitled.

### COUNT IX: MALICIOUS PROSECUTION

81. Plaintiff hereby incorporates by reference all prior paragraphs as if fully restated herein.

82. Defendants instituted and continued proceedings again Plaintiff in a matter known as *People of the State of Michigan v Jeffrey Kodlowski*, 18th District Court Case No. 09-175177.

83. During said proceedings, Defendants instituted and continued charges against Plaintiff that included one count of Battery on Defendant Little and one count of Battery on Defendant Dawley contrary to the Westland City Code, § 62-67.

84. Said charges were terminated in favor of Plaintiff.

85. Probable cause was lacking to support instituting and continuing said charges.

86. Defendants instituted and continued proceedings with malice and for a purpose other than that of securing the proper adjudication of the claim on which the proceedings were based, namely to justify Defendant Little and Defendant Dawley's unlawful and unwarranted physical attack upon Plaintiff.

87. As a direct and proximate cause of each Defendant's conduct, Plaintiff suffered special injury flowing directly from said proceedings to his fame, person, or liberty and/or an injury to property.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendant City of Westland in whatever amount is fair, just, and equitable for the injuries and damages, including compensatory and punitive damages, so wrongfully sustained by Plaintiff together with interest, costs and attorney fees pursuant to 42 U.S.C. § 1988, and any other relief to which Plaintiff may be entitled.

## COUNT X: ABUSE OF PROCESS

88. Plaintiff hereby incorporates by reference all prior paragraphs as if fully restated herein.

89. Defendants instituted and continued proceedings again Plaintiff in a matter known as *People of the State of Michigan v Jeffrey Kodlowski*, 18th District Court Case No. 09-175177.

90. Defendants instituted and continued said proceedings with an ulterior purpose, namely to justify Defendant Little and Defendant Dawley's unlawful and unwarranted physical attack upon Plaintiff.

91. Defendants engaged in one or more acts in the use of process that was improper in the regular prosecution of the claim.

92. As a direct and proximate cause of each Defendant's conduct, Plaintiff suffered damage, including but not limited to those set forth above.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendant City of Westland in whatever amount is fair, just, and equitable for the injuries and damages, including compensatory and punitive damages, so wrongfully sustained by Plaintiff together with interest, costs and attorney fees pursuant to 42 U.S.C. §1988, and any other relief to which Plaintiff may be entitled.

### **COUNT XI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

93. Plaintiff hereby incorporates by reference all prior paragraphs as if fully restated herein.

94. Defendant Little and Defendant Dawley engaged in extreme and outrageous conduct that transcends all bounds of decency is regarded as atrocious and intolerable in a civilized community.

95. Defendant Little and Defendant Dawley engaged in said extreme and outrageous conduct intentionally or with recklessness.

96. As a direct and proximate cause of Defendant Little and Defendant Dawley's extreme and outrageous conduct, Plaintiff suffered damage, including but not limited to extreme emotional distress as well as those damages set forth above.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendant City of Westland in whatever amount is fair, just, and equitable for the injuries and damages, including compensatory and punitive damages, so wrongfully sustained by Plaintiff together with interest, costs and attorney fees pursuant to 42 U.S.C. §1988, and any other relief to which Plaintiff may be entitled.

### COUNT XII: GROSS NEGLIGENCE

97. Plaintiff hereby incorporates by reference all prior paragraphs as if fully restated herein.

98. Defendants had knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another.

99. Defendants had the ability to avoid the resulting harm by ordinary care and diligence by use of means at hand.

100. Defendants failed to use such care and diligence to avert the threatened danger when to the ordinary mind it was apparent that the result was likely to prove disastrous to another.

101. As a direct and proximate cause of Defendant Little and Defendant Dawley's failure to use such care and diligence, Plaintiff suffered damage, including but not limited to those set forth above.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendant City of Westland in whatever amount is fair, just, and equitable for the injuries and damages, including compensatory and punitive damages, so wrongfully sustained by Plaintiff together with interest, costs and attorney fees pursuant to 42 U.S.C. §1988, and any other relief to which Plaintiff may be entitled.

## COUNT XIII: CONSPIRACY

102. Plaintiff hereby incorporates by reference all prior paragraphs as if fully restated herein.

103. Defendant Little and Defendant Dawley engaged in concerted action by a combination of two or more persons.

104. Defendant Little and Defendant Dawley engaged in said concerted action to accomplish a criminal or unlawful purpose or to accomplish a lawful purpose by criminal or unlawful means.

105. As a direct and proximate cause of Defendant Little and Defendant Dawley's concerted action, Plaintiff suffered damage, including but not limited to those set forth above.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendant City of Westland in whatever amount is fair, just, and equitable for the injuries and damages, including compensatory and punitive damages, so wrongfully sustained by Plaintiff together with interest, costs and attorney fees pursuant to 42 U.S.C. §1988, and any other relief to which Plaintiff may be entitled.

## COUNT XIV: CONCERT OF ACTION

106. Plaintiff hereby incorporates by reference all prior paragraphs as if fully restated herein.

107. When Defendant Little and Defendant Dawley acted tortiously when they wrongfully harmed Plaintiff.

108. When Defendant Little and Defendant Dawley acted pursuant to a common design when they wrongfully harmed Plaintiff.

109. As a direct and proximate cause of Defendant Little and Defendant Dawley's conduct, Plaintiff suffered damage, including but not limited to those set forth above.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendant City of Westland in whatever amount is fair, just, and equitable for the injuries and damages, including compensatory and punitive damages, so wrongfully sustained by Plaintiff together with interest, costs and attorney fees pursuant to 42 U.S.C. § 1988, and any other relief to which Plaintiff may be entitled.

### COUNT XV: AIDING AND ABETTING

110. Plaintiff hereby incorporates by reference all prior paragraphs as if fully restated herein.

111. Defendants engaged in tortious misconduct.

112. Defendants' tortious misconduct arose from the counseling, instigating, aiding or abetting of the actionable misconduct by the other.

113. As a direct and proximate cause of each Defendants' counseling, instigating, aiding or abetting, Plaintiff suffered damage, including but not limited to those set forth above.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendant City of Westland in whatever amount is fair, just, and equitable for the injuries and damages, including compensatory and punitive damages, so wrongfully sustained by Plaintiff together with interest, costs and attorney fees pursuant to 42 U.S.C. § 1988, and any other relief to which Plaintiff may be entitled.

### RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendants in whatever amount is fair, just, and equitable for the injuries and damages,

including compensatory and punitive damages, so wrongfully sustained by Plaintiff together with interest, costs and attorney fees pursuant to 42 U.S.C. § 1988, and any other relief to which Plaintiff may be entitled.

                                              Respectfully submitted,

                                              s/Joseph P. Corriveau

                                              THE CORRIVEAU LAW FIRM PC
                                By:  Joseph P. Corriveau (P64479)
                                              Attorney for Plaintiff
                                              324 E. Main Street
                                              Northville, Michigan 48167

Dated: January 19, 2011                   (248) 380-6800

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

                                              Respectfully submitted,

                                              s/Joseph P. Corriveau

                                              THE CORRIVEAU LAW FIRM PC
                                By:  Joseph P. Corriveau (P64479)
                                              Attorney for Plaintiff
                                              324 E. Main Street
                                              Northville, Michigan 48167

Dated: January 19, 2011                   (248) 380-6800